IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL T. KINGSTON,<br><br>　　　　　Defendant. | No.  3:24-po-0181-DMC-1 |
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL T. KINGSTON,<br><br>　　　　　Defendant. | No.  3:24-po-0182-DMC-1 |

<u>ORDER</u>

　　　　Pending before the Court is Defendant's motion to compel production of discovery and motion to continue the trial date in these matters, currently set for February 6, 2025, at 3:30 p.m. in Sacramento, California.  <u>See</u> ECF Nos. 11 and 18 in case no. 3:24-po-0181-DMC-1 and ECF Nos. 11 and 16 in case no. 3:24-po-0182-DMC-1.  The Government has filed an opposition to the motion to compel.

# I. BACKGROUND

These cases arise from criminal citations issued to Defendant on July 5, 2024, for being in a closed or restricted area. See ECF No. 1 in case nos. 3:24-po-0181-DMC-1 and 3:24-po-0182-DMC-1. Defendant pled not guilty, and the matter was set for trial on January 29, 2025. See ECF Nos. 5 and 6 in case nos. 3:24-po-0181-DMC-1 and 3:24-po-0182-DMC-1.[1] Defendant filed a motion to vacate the trial on December 24, 2024. See ECF No. 8. Finding that Defendant had not shown good cause for a continuance, the Court denied the motion. See ECF No. 10. Due to the Court's own conflict, the matter was continued to February 6, 2025. See ECF No. 12.

### A.    **Defendant's Motion to Compel Discovery, ECF No. 13**

On February 4, 2025, Defendant filed a motion to compel discovery. See ECF No. 13. Defendant argues that he is "entitled to reasonable discovery relevant to a selective enforcement claim." ECF No. 13, pg. 3. According to Defendant, the Rainbow Gathering, of which Defendant was a member, is an exercise of religion. Id. at 5. Defendant argues that he meets the threshold showing required to compel discovery for a selective enforcement defense. Id. at 6. To show that the Rainbow Gathering has been subject to selective enforcement, Defendant cites a 2018 Rainbow Gathering where the government imposed a checkpoint which was, according to Defendant, in violation of internal policy. Id.

Defendant contends there is a "'colorable basis' that similarly situated individuals who are not members of the Rainbow Family have been treated differently." Id. at 7. In support of this claim, Defendant includes Exhibit A, a citation to a different individual allegedly involved in the Rainbow Gathering, and the Forest Service orders closing the area where Defendant was cited. Id. at 11-12. To show "the government's enforcement strategy," Defendant also includes Exhibits B and C, press releases from the Plumas County Sheriff's Office and Calaveras County Sheriff's Office, respectively, and Exhibit D, the Forest Service Unauthorized Group Use Incident report. Id. at 7 and 19-26. According to Defendant, these documents show that the government made unsubstantiated claims of unlawful activity and "threats of civil liability for damages." Id.

---

[1] These cases are scheduled to be tried together, and all motions were filed for both cases. All subsequent citations are to case no. 3:24-po-00181-DMC-1.

at 7. Additionally, Defendant includes Exhibit F, a screenshot from Facebook, to show the government "grant[ed] exemptions to local residents" in such enforcement. Id.

### B. Government's Opposition, ECF No. 14

The Government's opposition argues that Defendant's motion is untimely, and Defendant failed to make a sufficient showing to justify such an expansive discovery request. See ECF No. 12, pgs. 1-4. The Government contends that Defendant made the request for this discovery back in October and the Government declined to produce the discovery on November 6, 2024. Id. at 1-2. Thus, the Government argues, the Court should deny the continuance because the request is meritless and any prejudice to Defendant was Defendant's own doing by waiting until February 4, 2025, to file the motion to compel. Id.

The Government asserts that Defendant does not show the discriminatory effect nor discriminatory purpose required to establish a claim of selective prosecution because the closure order was based on reports of a large, unpermitted, camping in the area and the closure was public. Id. at 2-4. Additionally, the Government claims there is no proof if similarly situated individuals being treated differently. Id. at 5.

### C. Defendant's Motion to Continue, ECF No. 18

On February 4, 2025, Defendant filed a motion to continue due to a snowstorm which "may" prevent Defendant's counsel from attending trial in-person in Sacramento. See ECF No. 18, pg. 1. Defendant asks the Court to vacate the trial date and set a discovery motion hearing and status conference for February 11, 2025, or February 12, 2025. See id. at 2.

### D. Defendant's Statement of Supplemental Information, ECF No. 19

Defendant subsequently filed what is titled "statement of supplemental information," but the Court construes as an additional motion to continue because it makes a new argument not present in the previous filings. According to Defendant, the Government turned over bodycam footage of the Officer's interaction with Defendant on January 29, 2025. See ECF No. 19, pg. 1. Defendant argues that this late disclosure violates Rule 16 of the Federal Rules of Criminal Procedure, and both Brady and Giglio obligations. Id. at 2-4. Defendant asserts that this "delayed disclosure" prejudices Defendant because there is not sufficient time to review the

footage and consider such evidence in preparation for trial. Id. at 3. Defendant argues that the footage may contain information that supports a suppression motion or conflicts with the Officer's testimony. Id. Defendant contends that a continuance is the only way to remedy the prejudice cause by this late disclosure. Id. at 4.

## II.  DISCUSSION

### A.  **Defendant's Motion to Compel Discovery, ECF No. 13**

To compel discovery based on a selective prosecution claim, a Defendant must meet a "slightly lower" standard than what is required to prove selective prosecution, showing both a discriminatory effect and discriminatory purpose of such enforcement. See United States v. Sellers, 906 F.3d 848, 852 (9th Cir. 2018) (United States v. Hare, 820 F.3d 93, 99 (4th Cir. 2016)).  Here, Defendant failed to show either.

Defendant argues that the Rainbow Gathering is an expression of religion, citing U.S. v. Rainbow Family, 695 F. Supp. 294, E.D. Tex. 1988. Beyond that case being persuasive to this Court, not binding, the Court does not find the quote provided supports Defendant's contention that the Rainbow Gathering is an expression of religion. Indeed, the court there concluded the Rainbow Family Gathering was *expressive*, nothing to do with religion. Rainbow Family at 308.

Defendant also failed to show discriminatory effect or purpose. The closure orders Defendant included as exhibits show the area was closed to everyone, not just members of the Rainbow Gathering. See ECF No. 13 pgs. 12-26. Defendant argues that the orders make unsubstantiated claims of unlawful activity, but this is factually inaccurate. The 2023 Rainbow Gathering resulted in 121 citations.[2] Further, Defendant failed to show that similarly situated individuals were treated differently. Defendant claims that Exhibit F, a screenshot of a Facebook post by an alleged Lassen County District 5 Supervisor, shows that the government allowed other people into the enclosed area. See ECF No. 13, pg. 7. However, if the individuals' comments are

---

[2] Amanda Gokee, *Peace, love, and petty infractions at annual Rainbow Family Gathering in N.H.,* Bos. Globe (July 5, 2023), https://www.bostonglobe.com/2023/07/05/metro/peace-love-petty-infractions-annual-rainbow-family-gathering-nh/.

4

taken as true, it at most shows that this individual also violated the closure order. See id. at 28. There is no proof that Officers allowed the individual to enter the enclosed area while citing Rainbow Family members for doing the same.

Thus, the Court finds Defendant has not meet the threshold requirements necessary to compel such an expansive discovery request to make a selective prosecution claim. The motion is therefore denied.

### B. Defendant's Motion to Continue

Defendant's counsel (herein Counsel) asserts that she is unable to travel down to Sacramento due to a winter weather advisory. See ECF No. 18. The National Weather Advisory Winter Weather Advisory issued for Mount Shasta, where Counsel is located, ends at 10:00 p.m. on February 5, 2025.[3] Thus, Counsel would be able to travel, outside of the weather advisory, to Sacramento. Further, the Court notes that court staff are located in Redding, just over an hour south of where Defendant's counsel is located, and will therefore be making a similar commute.

### C. Defendant's Statement of Supplemental Information, ECF No. 19

Rule 16 of the Federal Rules of Criminal Procedure requires that the government must give the defendant access to information "material to the preparation of the defense." Fed. R. Crim. P. 16. There is no timeline imposed by Rule 16. Id. Withholding exculpatory evidence from a defendant violates the Due Process Clause of the Fourteenth Amendment. Brady v. Maryland, 373 U.S. 83, 87 (1963). If the defendant has sufficient time to review the exculpatory evidence ahead of trial, there is no Brady violation. See United States v. Houston, 648 F.3d 806, 813 (9th Cir. 2011) ("there is no Brady violation so long as the exculpatory or impeaching evidence is disclosed at a time when it still has value"); and United States v. Alahmedalabdaloklah, 94 F.4th 782, 828 (9th Cir. 2024) (citing United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir. 1988); United States v. Shelton, 588 F.2d 1242, 1247 (9th Cir. 1978)) ("if the defendant is presented with a substantial opportunity to use the belatedly disclosed evidence, there is no prejudice.").

---

[3] NAT'L WEATHER SERVICE, *Watches, Warnings, & Advisories: Winter Weather Advisory* (last visited February 5, 2025, 2:42 p.m.) https://forecast.weather.gov/wwamap/wwatxtget.php?cwa=MFR&wwa=winter%20weather%20advisory.

5

Defendant's "statement of supplemental information" asserts that the Government's "delayed disclosure" of bodycam footage violates Rule 16 of the Federal Rules of Criminal Procedure, and both <u>Brady</u> and <u>Giglio</u> obligations and going to trial on February 6, 2025, would prejudice Defendant. <u>Id.</u> at 2-4. The Court disagrees. Neither the Federal Rules nor caselaw[4] impose a specific, rigid timeline for requiring disclosure. Here, the Government turned over three bodycam videos on January 29, 2025, seven full days ahead of trial. Absent knowledge that the bodycam footage disclosed on that day was longer than 168 hours (seven days)[5], the Court finds no reason why that is not sufficient time for Defendant to review and make use of such evidence.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion for discovery, ECF No. 13 case no. 3:24-po-0181-DMC-1 and ECF No. 11 in case no. 3:24-po-0182-DMC-1, is DENIED.

2. Defendant's motion for a continuance, ECF No. 18 in case no. 3:24-po-0181-DMC-1 and ECF No. 16 in case no. 3:24-po-0182-DMC-1, is DENIED.

3. These matters remain on calendar for a bench trial on February 6, 2025, commencing at 3:30 p.m. in Courtroom 1 in Sacramento, California.

Dated: February 5, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that finding a <u>Brady</u> or <u>Giglio</u> violation requires proving the evidence was material and exculpatory. Here, Defendant does not make such a claim, instead asserting that the video footage "may impact" the case. <u>See</u> ECF No. 19, pg. 2.

[5] Defendant did not disclose how long the footage is.